# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**EDWARD J. GOODMAN LIFE INCOME TRUST**, on behalf of itself and all others similarly situated,

    Plaintiffs,

v.                                    Case No.: 8:06-CV-1716-T-23EAJ

**JABIL CIRCUIT, INC., et al.,**

    Defendants.
_____/

## ORDER

This cause comes before the court on the following motions: **Motion of the Edward J. Goodman Life Income Trust for Appointment of the Trust as Lead Plaintiff and for Approval of Its Selection of Lead Counsel** (Dkt. 14), filed November 13, 2006; **Motion of Steven M. Noe for Appointment of Noe as Lead Plaintiff and for Approval of Proposed Lead Plaintiff's Selection of Lead Counsel** (Dkt. 23-2), filed November 20, 2006; **Motion for Appointment of City of Boca Raton Police and Firefighters Retirement System as Lead Plaintiff, and Appointment of Lieff, Cabraser, Heimann & Bernstein, LLP as Lead and Class Counsel** (Dkt. 21), filed November 20, 2006; Laborers Pension Trust Fund for Northern California and Pension Trust Fund for Operating Engineers' **Motion for Appointment as Lead Plaintiffs and for Approval of Selection of Lead Counsel** (Dkt. 29), filed November 20, 2006; and **Motion of the Steamship Trade Association/International Longshoremen's Association Pension Fund and Middlesex Retirement System for Appointment as Lead Plaintiff and Approval of Selection**

**of Lead Counsel** (Dkt. 33), filed November 20, 2006.[1] Also before the court are City of Boca Raton Police and Firefighters Retirement System's **Response in Partial Opposition** (Dkt. 37), Edward J. Goodman Life Income Trust's **Response to the Competing Motions to Appoint Lead Plaintiff** (Dkt. 49), and Laborers Pension Trust Fund for Northern California and Pension Trust Fund for Operating Engineers' **Memorandum in Opposition to the Competing Motions** (Dkt. 52). For the reasons set forth herein, the court finds that the interests of the class will be best served by the appointment of the Laborers Pension Trust Fund for Northern California and Pension Trust Fund for Operating Engineers ("the California Group") as lead plaintiff and the approval of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel in this action. See Fed. R. Civ. P. 23(a).

**I.      Background**

Plaintiff Edward J. Goodman Life Income Trust ("the Goodman Trust") filed the present class action on behalf of itself and all others similarly situated on September 18, 2006 (Dkt. 1). Plaintiffs sue Jabil Circuit, Inc. ("Jabil") and certain of its officers and directors for alleged securities fraud. Specifically, Plaintiffs allege violations of Sections 10(b), 20(a), and 14(a) of the Securities and Exchange Act and the rules promulgated thereunder. The action is brought on behalf of all persons who purchased Jabil's publicly traded securities between September 19, 2001 and June 21, 2006, inclusive ("the class period"). A related securities class action suit filed in this District, Noe v. Jabil Circuit, Inc., 8:06-cv-1883-T-23TGW, has been consolidated with the instant case (Dkt. 53).

Five groups of Plaintiffs have filed competing motions for the appointment of lead plaintiff

---

[1] On December 27, 2006, the district judge referred these matters to the undersigned for consideration and appropriate disposition (Dkt. 53). See 28 U.S.C. § 636(b); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

and for approval of their selection of counsel: the Goodman Trust, Steven M. Noe ("Noe"), the City of Boca Raton Police and Firefighters Retirement System ("City of Boca Raton"), the California Group, and the Steamship Trade Association/International Longshoremen's Association Pension Fund and Middlesex Retirement System ("the Steamship Group"). The City of Boca Raton, the Goodman Trust, and the California Group have filed memoranda in opposition to the competing motions for the appointment of lead plaintiff and lead counsel (Dkts. 37, 49, 52). Defendants have not filed any response to the instant motions.

## II.     Appointment of Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 ("the PSLRA"), 15 U.S.C. § 78u-4(a), and Rule 23, Federal Rules of Civil Procedure, govern the court's designation of a lead plaintiff in a class action suit based on securities fraud. The PSLRA provides that the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members ('the most adequate plaintiff')." 15 U.S.C. § 78u-4(a)(3)(B)(i). A timely motion for appointment as lead plaintiff by any member of the purported class will be considered by the court. Id.

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person of group of persons that "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption is rebuttable by any member of the purported plaintiff class upon proof that the presumptively most adequate plaintiff "will not fairly and adequately represent the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately

representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

"Whether a named plaintiff will fairly and adequately represent the interests of the class is a question of fact for the district court." Vincelli v. Nat'l Home Health Care Corp., 112 F. Supp. 2d 1309, 1314 (M.D. Fla. 2000) (citations omitted). "The determination of fair and adequate representation rests on two bases: (1) common interests between a representative and the class; and (2) a willingness and ability to vigorously prosecute the action." Piven v. Sykes Enters., Inc., 137 F. Supp. 2d 1295, 1302 (M.D. Fla. 2000) (internal quotation marks and citations omitted). A lead plaintiff should not have any interests antagonistic to the other class members, and most importantly, "must demonstrate that she will vigorously prosecute the action by providing both adequate financing and competent counsel." Id.

As a preliminary matter, none of the proposed lead plaintiffs object to certain Plaintiffs' aggregation of losses into a group to show the largest financial interest. "[A]ggregation is acceptable for the purposes of lead plaintiff in private securities litigation." See Newman v. Eagle Building Techs., 209 F.R.D. 499, 503-04 (S.D. Fla. 2002). "The idea that plaintiffs may aggregate their losses into a group to show the largest financial interest derives from the language of the PSLRA which states that the most adequate plaintiff is the 'person or group of persons.'" Id. at 503; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Therefore, in appointing a lead plaintiff, the court focuses on whether each of the respective groups is adequate to serve as lead plaintiff rather than the composition of the groups. See id. at 504.

### 1. The Notification Requirement

"Before a lead plaintiff can be appointed, notice must be provided to all putative class members in accordance with 15 U.S.C. § 78u-4." In re Catalina Mktg. Corp. Sec. Litig., 255 F.R.D.

684, 685 (M.D. Fla. 2003). The plaintiff who files the initial action must publish notice to the class within twenty days of filing the action to inform class members of their right to file a motion for appointment as lead plaintiff within sixty days of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice requirement has been satisfied here as the GoodmanTrust published notices on September 19, 2006 and September 20, 2006 on *PRNewswire* and *Primezone*, respectively, to announce that the securities fraud class action had been filed (Dkt. 14, Sheils Decl., Ex. 3; Dkt. 31, George Decl., Ex. A). The notices advised putative class members that the deadline for filing a motion to seek appointment as lead plaintiff was November 20, 2006 (Id.). All of the instant motions were filed on or before November 20, 2006 and are therefore timely.

### 2. The Largest Financial Interest Requirement

The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the person or entity with the largest financial interest in the relief sought. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The various financial interests claimed by each proposed lead plaintiff are as follows:

| | |
|---|---|
| The Goodman Trust | $740.00 (Dkt. 14, Sheils Decl., Ex. 4) |
| Steven M. Noe | $6,996.00 (Dkt. 23, Enright Decl., Ex. A) |
| The City of Boca Raton | $34,798.76 (Dkt. 22, Chiplock Decl., Ex. A1) |
| The California Group | $798,933.58 (Dkt. 31, George Decl., Ex. B) |
| The Steamship Group | $393,455.30 (Dkt. 33, Ellman Decl., Ex. B) |

As calculated and reported, the California Group has suffered the largest estimated losses as a result of Defendants' alleged conduct. Additionally, the amount of the California Group's financial interest claimed is not in dispute. Having the larger financial interest in the case, the California Group is presumptively the most adequate plaintiff.

5

### 3. <u>**Rule 23 Requirements**</u>

The most adequate plaintiff is also one who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defense of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). At this stage, the California Group Plaintiffs have satisfied the typicality requirement by showing that they, like the other class members, purchased Jabil shares during the class period in reliance on allegedly false and misleading statements issued by Defendants and suffered financial losses allegedly due to Defendants' conduct. Similarly, none of the competing movants have alleged that the California Group cannot fairly and adequately represent the class or that the California Group is subject to unique defenses. <u>See</u> 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Finally, there is no indication that the California Group's interests are antagonistic to those of other class members. Therefore, the court finds that the California Group should be appointed lead plaintiff in this action.

In the alternative to being appointed lead plaintiff, the Goodman Trust requests that this court appoint it co-lead plaintiff because it filed the first complaint in this action and because it believes it can best represent individual investors in the action (Dkt. 49). The Goodman Trust asserts that it has already made significant contributions to this case, including being the only Plaintiff (with the exception of Noe) to pursue the matter prior to Jabil acknowledging on November 14, 2006 that it would have to restate its financial statements (Dkt. 49, at 6). The California Group objects to the appointment of the Goodman Trust as co-lead plaintiff (Dkt. 52).

6

The appointment of co-lead plaintiffs, while appropriate in some circumstances, detracts from the PSLRA's fundamental goal of client control of securities class actions. See Piven, 137 F. Supp. 2d at 1303 (citation omitted). Examples of where co-lead plaintiffs may be appropriate are "where two institutional investors have roughly equal losses or where two smaller investors with equal losses exist in the absence of a plaintiff with larger interest." Id. Neither of those situations is present here. Additionally, appointment of the Goodman Trust and the California Group as co-lead plaintiffs would result in a substantial imbalance between the co-lead plaintiffs' respective financial interests and thus be contrary to the PSLRA's instruction that the most adequate plaintiff is the one with the largest financial interest.[2] Therefore, the court finds that appointment of the Goodman Trust as co-lead plaintiff in this action is not warranted.

### III.   Appointment of Lead Counsel

Subject to court approval, the most adequate plaintiff may select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). The California Group requests that the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP be approved as lead counsel for the class. Upon review of the firm's credentials (Dkt. 13, Attach. 5), the court finds that Lerach Coughlin Stoia Geller Rudman & Robbins LLP possesses the requisite experience in litigating securities class actions to represent the interests of the class members. Moreover, none of the competing movants have objected to any of the proposed lead counsel. Therefore, the court approves Lerach Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel.

### IV.   Conclusion

---

[2] Indeed, of the five movants competing for appointment as lead plaintiff, the Goodman Trust has the least financial interest in the case.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED**:

(1) The Laborers Pension Trust Fund for Northern California and Pension Trust Fund for Operating Engineers'(the California Group's) Motion for Appointment as Lead Plaintiffs and for Approval of Selection of Lead Counsel (Dkt. 29) is **GRANTED**.

(2) The California Group is appointed lead plaintiff.

(3) The California Group's selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel is approved.

(4) The motions of the other movants (Dkts. 14, 21, 23-2, and 33) are **DENIED**.

(5) Lead Plaintiff shall file a consolidated amended complaint no later than forty-five (45) days from the date of this order.

**DONE AND ORDERED** in Tampa, Florida this 18th day of January, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge

8